## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

**THE PAPER MILL STORE, INC.,** a
Wisconsin corporation,

       Plaintiff,

   v.

**PAPER MANIAC LLC,** a Minnesota limited
liability company, and **PATRICIA OLSON,**
an individual

       Defendants.

Case No.   10-cv-680

## COMPLAINT

Plaintiff, The Paper Mill Store, Inc., by and through its undersigned counsel, states and alleges as follows:

### INTRODUCTION

1. Plaintiff sells premium paper products through its Internet website, located at the domain name <www.thepapermillstore.com> ("Plaintiff's Website").

2. Plaintiff has designed a robust, content-rich website to provide consumers with an informative process in reviewing and purchasing Plaintiff's paper products.

3. In particular, Plaintiff has used a creative photography method to create images of its various paper products, which allow users to evaluate the look, feel, and quality of Plaintiff's paper products. These photographs are displayed on Plaintiff's Website.

4. Plaintiff has obtained several copyright registrations covering Plaintiff's Website

1

along with the photographs that appear on Plaintiff's Website.

5. Defendants compete with Plaintiff, selling various paper products through their own Internet website.

6. Without permission or authorization from Plaintiff, Defendants copied, modified, and displayed Plaintiff's photographs on Defendant's website.

7. Defendants engaged in this misconduct knowingly and in violation of United States copyright laws.

8. Defendants also breached the Terms of Use for Plaintiff's Website in engaging in this misconduct.

9. Plaintiff has been substantially harmed as a result of Defendants' misconduct.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331. The Court has supplemental jurisdiction over the claims arising under state law pursuant to 28 U.S.C. §1367(a), in that the state claims are so related to the claims over which the Court has original jurisdiction that they form part of the same case or controversy.

11. This Court has personal jurisdiction over Defendants because Defendants conduct business within Wisconsin, including entering into contractual relationships with Wisconsin residents and purposefully directing substantial activities at the residents of Wisconsin by means of Defendants' Internet website described herein and by mailing Defendants' various paper products to Wisconsin residents. This action also arises out of or relates to Defendants' actions targeted toward Wisconsin. Moreover, in agreeing to the Terms of Use for Plaintiff's Website, Defendants agreed that this Court would have personal jurisdiction over Defendants for actions relating to Plaintiff's Website and/or the Terms of Use for Plaintiff's Website. The exercise of

personal jurisdiction over Defendants is reasonable and comports with traditional notions of fair play and substantial justice.

12. Venue is appropriate in this District pursuant to 28 U.S.C. §1391 because Defendants are subject to personal jurisdiction in this District and, on information and belief, a substantial part of the events giving rise to the claims in this action occurred in this District.

## PARTIES

13. Plaintiff, The Paper Mill Store, Inc., is a Wisconsin corporation based in Sun Prairie, Wisconsin.

14. On information and belief, Defendant Paper Maniac LLC ("Paper Maniac") is a Minnesota limited liability company based in Bloomington, Minnesota.

15. On information and belief, Defendant Patricia Olson ("Olson") is an individual residing in Minnesota.  On information and belief, Olson is the sole owner, principal, and managing agent of Paper Maniac.

16. The actions taken by Olson, as described in this complaint, were all done for the direct benefit of Paper Maniac and in Olson's capacity as an agent of Paper Maniac.

## BACKGROUND

### Plaintiff's Business

17. Plaintiff sells premium paper products to graphics professionals, paper enthusiasts, and recreational paper users.

18. Plaintiff partners with paper mills and authorized envelope converters to provide top-quality products, unparalleled service, and efficient delivery to Plaintiff's customers.

19. Plaintiff sells its paper products through its e-commerce website, located at the domain name <www.thepapermillstore.com> ("Plaintiff's Website").

20. Plaintiff's Website offers customers thousands of varieties of paper products, including but not limited to paper stock, envelopes, card stock, and labels.

21. In addition to its paper products, Plaintiff offers its customers a variety of paper-related services, including but not limited to envelope printing, custom watermarks, custom paper cutting, paper perforating, paper scoring, and paper drilling. These services may also be purchased through Plaintiff's Website.

22. As a result of the breadth of high-quality products available on Plaintiff's Website and the content-rich nature of Plaintiff's Website, Plaintiff's Website is visited by a substantial number of customers and potential customers each month.

### Plaintiff's Website

23. Plaintiff has invested significant time and money in the design and development of Plaintiff's Website.

24. The appearance of Plaintiff's Website plays a critical role in enabling customers to learn about the look and quality of Plaintiff's various products before the customers make their purchasing decisions.

25. To accomplish this goal, Plaintiff has designed a robust, content-rich website, which enables customers to experience the look and feel of Plaintiff's various paper products as if viewing the products in real life.

26. One way in which Plaintiff has been able to recreate the look and feel of its paper products on Plaintiff's Website is through a creative photography method.

27. Plaintiff employs this photography method by first taking a high-resolution "macro-photographic" photograph of three sheets of a particular paper stock.

28. The high-resolution "macro-photographic" photograph is designed to show the color, the surface structure, the fibers, and other subtle attributes of the paper stock.

29. Plaintiff then manipulates the photograph so that it displays the three sheets of the paper stock in a fan design.

30. Among other things, the fan design shows the customer the dimensional characteristics of the paper through the thickness and shadowing in the photograph, while still enabling the customer to view the color, the surface structure, the fibers, and the other subtle attributes of the paper stock.

31. Plaintiff then alters the bottom-left corner of the photograph to impose a circular magnifying glass over the image. This alteration allows customers to view in even greater detail the color, the fibers, and the other subtle attributes of the paper stock.

32. Plaintiff has used this creative photographic method for nearly all of its paper stock products, so as to create uniformity among Plaintiff's Website and to provide Plaintiff's customers with a content-rich experience when selecting a paper product.

33. Plaintiff's photographic method is a unique and creative method for photographing and displaying paper stock.

34. An example of a photograph of Plaintiff's paper stock product using this photographic method appears below:



35. Plaintiff has adopted a similar photographic method in creating artwork for its envelope products and Plaintiff's other paper products.

36. As with the paper stock, Plaintiff takes a high-resolution, "macro-photographic" photograph of a single envelope or other paper product.

37. As with the paper stock, the high-resolution "macro-photographic" photograph of the envelope or other paper product is designed to show the color, the fibers, and other subtle attributes of the product.

38. As with the paper stock, Plaintiff alters the bottom-left corner of the photograph to impose a circular magnifying glass over the image.  This alteration allows customers to view in even greater detail the color, the fibers, and the other subtle attributes of the envelope or other paper product.

39. An example of a photograph of Plaintiff's envelope product using this photographic method appears below:



40. Plaintiff has displayed the photographs of its paper products throughout Plaintiff's Website in order to identify Plaintiff's thousands of products.

41. In addition to the creative and informational aspects of Plaintiff's photographs, the photographs serve as a source identifier for Plaintiff, Plaintiff's products, and Plaintiff's Website.

### Plaintiff's Website's Terms of Use

42. Plaintiff's Website contains express Terms of Use.

43. Plaintiff displays a hyperlink to the Terms of Use at the bottom-center of each webpage comprising Plaintiff's Website.

44. The location of the hyperlink to Plaintiff's Terms of Use—*i.e.* at the bottom-center of each webpage—is the standard location for terms of use for e-commerce websites, and any user of Plaintiff's Website would know to look in this location to view the Terms of Use.

45. Before using Plaintiff's website, a user must agree to Plaintiff's Terms of Use.

46. Among other things, the Terms of Use require users of Plaintiff's Website to represent and warrant that:

> The Paper Mill Store Content and other materials available through the Website and Services are either owned by The Paper Mill Store or are the property The Paper Mill Store's licensors and suppliers. Except as explicitly provided, neither Your use of the Website and Services nor this Agreement grant You any right, title or interest in or to any such materials.
>
> [¶]
>
> You acknowledge and agree that it would be difficult to ascertain the exact amount of damages that The Paper Mill Store would suffer as the result of the theft of Website graphics or images, especially if such stolen graphics or images are exploited for commercial use, whether in connection with the sale of paper goods or otherwise, on a website or any other digital medium.   Therefore, You agree that, in the event You steal, copy without authorization or otherwise misappropriate Website graphics or images, The Paper Mill Store will be entitled to recover from You liquidated damages in the amount of five thousand ($5,000.00) dollars per graphic or image that is stolen, copied without authorization or otherwise misappropriated. You agree that this amount represents a reasonable estimate of the damage that The Paper Mill Store would suffer. ANY ACTION BY THE PAPER MILL STORE TO ENFORCE THIS SECTION SHALL NOT BE DEEMED A WAIVER OF THE PAPER MILL STORE'S RIGHT TO PURSUE, AT THE PAPER MILL STORE'S SOLE DISCRETION, ANY AND ALL OTHER REMEDIES AVAILABLE TO THE PAPER MILL STORE UNDER THIS AGREEMENT OR BY LAW, INCLUDING BUT NOT LIMITED TO, THOSE REMEDIES IDENTIFIED IN SECTION 25(F).

### Plaintiff's Copyright Registrations

47. Plaintiff's Website—and the photographs of Plaintiff's products that appear on Plaintiff's Website—are original, creative works in which Plaintiff owns protectable copyright interests.

48. Plaintiff owns several active and valid copyright registrations with the United States Copyright Office, which registrations cover Plaintiff's Website and the photographs of Plaintiff's products that appear on Plaintiff's Website.

49. Specifically, Plaintiff owns the copyright for Plaintiff's Website, which Plaintiff registered with the United States Register of Copyrights, bearing Registration No. TX0006948681.

50. Plaintiff's copyright Registration No. TX0006948681 confers copyright protection on Plaintiff's Website and the text, photographs, and artwork comprising Plaintiff's Website.

51. Plaintiff's copyright Registration No. TX0006948681 confers copyright protection on Plaintiff's Website as a compilation as well as on the individual texts, photographs, and artworks comprising Plaintiff's Website.

52. Plaintiff is the author of the materials subject to copyright Registration TX0006948681, which were first published on December 1, 2008.

53. Plaintiff also owns the copyright for Plaintiff's Website, which Plaintiff registered with the United States Register of Copyrights, bearing Registration No. TX0006989133.

54. Plaintiff's copyright Registration No. TX0006989133 confers copyright protection on Plaintiff's Website and the text, photographs, and artwork comprising Plaintiff's Website.

55. Plaintiff's copyright Registration No. TX0006989133 confers copyright protection on Plaintiff's Website as a compilation as well as on the individual texts, photographs, and artworks comprising Plaintiff's Website.

56. Plaintiff is the author of the materials subject to copyright Registration TX0006989133, which were first published on February 1, 2009.

57. Plaintiff also owns the copyright for Plaintiff's Website, which Plaintiff registered with the United States Register of Copyrights, bearing Registration No. TX0006976051.

58. Plaintiff's copyright Registration No. TX0006976051 confers copyright protection on Plaintiff's Website and the text, photographs, and artwork comprising Plaintiff's Website.

59. Plaintiff's copyright Registration No. TX0006976051 confers copyright protection on Plaintiff's Website as a compilation as well as on the individual texts, photographs, and artworks comprising Plaintiff's Website.

60. Plaintiff is the author of the materials subject to copyright Registration TX0006976051, which were first published on May 11, 2009.

61. Plaintiff also owns the copyright for Plaintiff's Website, which Plaintiff registered with the United States Register of Copyrights, bearing Registration No. TX0007130548.

62. Plaintiff's copyright Registration No. TX0007130548 confers copyright protection on Plaintiff's Website and the text, photographs, and artwork comprising Plaintiff's Website.

63. Plaintiff's copyright Registration No. TX0007130548 confers copyright protection on Plaintiff's Website as a compilation as well as on the individual texts, photographs, and artworks comprising Plaintiff's Website.

64. Plaintiff is the author of the materials subject to copyright Registration TX0007130548, which were first published on July 1, 2009.

65. Plaintiff provides notice on each page of Plaintiff's Website that Plaintiff's Website is subject to copyright protection.

66. Plaintiff also provides notice in its Terms of Use—available from each webpage of Plaintiff's Website—that Plaintiff's Website is subject to copyright protection.

**Defendants' Business**

67. Defendant Paper Maniac competes with Plaintiff in selling paper products.

68. On information and belief, Olson is the sole owner, principal, and managing agent of Paper Maniac.

69. Paper Maniac operates an e-commerce website, located at <www.papermaniac.com> (the "Paper Maniac Website").

70. On information and belief, Olson manages the design, display, and maintenance of the Paper Maniac Website.

71. Paper Maniac offers various paper products for sale on the Paper Maniac Website.

72. Paper Maniac displays various artwork and/or photographs on the Paper Maniac Website, which artwork and/or photographs ostensibly depict Paper Maniac's various paper products.

73. Consumers who visit the Paper Maniac Website view the artwork and/or photographs of Paper Maniac's products before making their purchasing decisions.

74. On information and belief, when making purchasing decisions, consumers who visit the Paper Maniac Website rely on the representation that the photographs/artwork on the Paper Maniac Website accurately depict Paper Maniac's products.

**Defendants' Misconduct**

75. Defendants understand the substance of the United States copyright laws.

76. The Paper Maniac Website includes terms of use—located in the same position as on Plaintiff's Website.  The terms of use for the Paper Maniac Website evidence Defendants' understanding of United States copyright law, and state:

> The entire content included in this site, including but not limited to text, graphics or code is copyrighted as a collective work under the United States and other copyright laws, and is the property of Paper Maniac LLC. Any reproduction, distribution, display or transmission of the content of this site is strictly prohibited, unless authorized by Patricia D. Olson, owner of Paper Maniac LLC. You may not to change or delete any Terms of Use from files downloaded from the site. Please also refer to the individual artists and companies Angel Policies and Terms of Use located in the Paper Maniac Forum.

//

77. Despite Defendants' understanding of United States copyright law, Defendants flouted this law and directly infringed on Plaintiff's copyrights.

78. On information and belief, without any license or permission, Defendants copied several photographs from Plaintiff's Website, which photographs are covered by Plaintiff's copyright registrations—*i.e.* Registrations Nos. TX0006948681, TX0006989133, TX0006976051, TX0007130548 (the "Photographs").

79. On information and belief, without any license or permission, Defendants altered Plaintiff's Photographs after copying the Photographs from Plaintiff's Website.

80. Without any license or permission, Defendants displayed Plaintiff's Photographs on Defendant's Website in connection with Defendant's products.

81. On information and belief, Defendants engaged in this copying, alteration, and display of Plaintiff's Photographs with knowledge that Plaintiff owned the copyrights to the Photographs and that Defendants were infringing on these copyrights.

82. On information and belief, Olson personally engaged in this copying, alteration, and display of Plaintiff's Photographs for the direct benefit of Paper Maniac and as an agent for Paper Maniac.

83. On information and belief, Paper Maniac's customers relied on the Photographs in deciding whether or not to purchase Paper Maniac's products.

84. On information and belief, the Paper Maniac Website, which displayed the Photographs, was viewed by thousands of customers and potential customers during the period in which the website displayed Plaintiff's Photographs.

85. As a result of Defendants' misconduct, Plaintiff has been substantially harmed.

## FIRST CLAIM FOR RELIEF

**(Copyright Infringement, 17 U.S.C. §501 *et seq.* Against All Defendants)**

86. Plaintiff repeats and incorporates by reference the allegations in Paragraphs 1-85 above.

87. Plaintiff's Photographs are original, creative works in which Plaintiff owns protectable copyright interests.

88. Plaintiff owns the copyright for the Photographs and has obtained copyright registrations with the United States Register of Copyrights covering the Photographs, which are Registrations Nos. TX0006948681, TX0006989133, TX0006976051, TX0007130548.

89. Plaintiff has not licensed Defendants to use the Photographs in any manner, nor has Plaintiff assigned any of its exclusive rights in its copyrights to Defendants.

90. Without permission or authorization from Plaintiff, and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendants reproduced Plaintiff's Photographs.

91. On information and belief, without permission or authorization from Plaintiff, and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendants prepared derivative works based on Plaintiff's Photographs.

92. Without permission or authorization from Plaintiff, and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendants displayed Plaintiff's Photographs on the Paper Maniac Website.

93. Defendants' reproduction of Plaintiff's Photographs, preparation of a derivative work based on Plaintiff's Photographs, and display of Plaintiff's Photographs on the paper Maniac Website constitute copyright infringement.

94. On information and belief, thousands of customers and potential customers of Plaintiff and Paper Maniac have viewed the unlawful copies of the Photographs on the Paper Maniac Website.

95. On information and belief, Defendants had knowledge of the copyright infringement alleged herein and had the ability to stop the reproduction, alteration, and display of Plaintiff's copyrighted materials.

96. Plaintiff is serving notice of this action on the Register of Copyright at the same time Plaintiff is filing this complaint with the Court, and thus Plaintiff is entitled to institute this action for copyright infringement.

97. Defendants' copyright infringement has damaged Plaintiff in an amount to be proved at trial.

## SECOND CLAIM FOR RELIEF

**(Breach of Contract Against All Defendants)**

98. Plaintiff repeats and incorporates by reference the allegations in Paragraphs 1-85 above.

99. A hyperlink to the terms of use for Plaintiff's Website is displayed on every web page comprising Plaintiff's Website in the bottom-center section of the webpage. This is the standard location for a Internet user to find the terms of service for an e-commerce website.

100. Defendants knew about or should have known about the Terms of Use for Plaintiff's Website.

101. On information and belief Olson used Plaintiff's Website.

102. On information and belief Olson used Plaintiff Website personally and for the direct benefit of Paper Maniac and as an agent for Paper Maniac.

103. By using Plaintiff's Website, Olson agreed to the Terms of Use for Plaintiff's Website in Olson's personal capacity.

104. By using Plaintiff's Website, Olson also agreed to the Terms of Use for Plaintiff's Website on behalf of Paper Maniac.

105. The Terms of Use for Plaintiff's Website constitute a valid, binding contract between Plaintiff and Defendants, supported by adequate consideration.

106. A copy of the Terms of Use for Plaintiff's Website is attached hereto as Exhibit A.

107. Defendants breached the express terms of Paragraphs 18(a) and 18(c) of the Terms of Use by copying, altering, and displaying Plaintiff's Photographs.

108. Plaintiff has at all times remained in compliance with the Terms of Use.

109. Defendants' breaches of the Terms of Use have damaged Plaintiff in an amount to be proved at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment as follows:

1. That the Court enter a judgment finding that:

   a. Defendants have infringed on Plaintiff's copyrights in the Photographs in violation of 17 U.S.C. §501 *et seq.*;

   b. Defendants have breached the Terms of Use for Plaintiff's Website;

2. That the Court award damages and monetary relief as follows:

   a. Statutory damages against all Defendants pursuant to 17 U.S.C. §504(c) of $150,000 per infringement or in the alternative Plaintiff's actual damages and Defendants' wrongful profits in an amount to be proved at trial;

  b. Compensatory damages against all Defendants for Defendants' breach of contract.

  c. Plaintiff's attorneys' fees pursuant to 17 U.S.C. §505.

  d. Plaintiff's costs;

3. Such other relief that the Court determines is just and proper.

**Plaintiff hereby demands a trial of this action by jury.**

Dated this 5th day of November, 2010.

      Respectfully submitted,

      ____s/Erin K. Fay_____
      Adam L. Brookman
      WI State Bar No. 1026375
      Erin K. Fay
      WI State Bar No. 1045724
      BOYLE FREDRICKSON, S.C.
      840 N. Plankinton Avenue
      Milwaukee, Wisconsin 53203
      Phone: (414) 225-9755
      Facsimile: (414) 225-9753
      abrookman@boylefred.com
      efay@boylefred.com

      ***ATTORNEYS FOR PLAINTIFF, THE PAPER MILL STORE, INC.***

Karl S. Kronenberger (admission to bar pending)
CA SBN: 226112
150 Post Street, Suite 520
San Francisco, CA 94108
Karl@KBInternetLaw.com
Telephone: (415) 955-1155
Facsimile: (415) 955-1158

  Attorneys for Plaintiff