IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| **THE PAPER MILL STORE, INC.**, a Wisconsin corporation,<br><br>        Plaintiff,<br><br>v.<br><br>**PAPER MANIAC LLC.**, a Minnesota limited liability company,<br><br>and **PATRICIA OLSON**, an individual<br><br>        Defendants. | Civil Action No. 10-cv-680-slc |

### DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS OR IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT

Defendants Paper Maniac, LLC, a Minnesota limited liability company, and Patricia Olson, an individual ("Defendants") submit the following memorandum in support of their motion to dismiss the copyright infringement allegations contained in Plaintiff's complaint pursuant to FED. R. CIV. P. 12(b)(6), or, in the alternative, for a more definite statement pursuant to FED. R. CIV. P. 12(e).

### STATEMENT OF FACTS

Plaintiff filed its Complaint on November 5, 2010 alleging that Defendants infringed one or more of Plaintiff's copyrights. Specifically, Plaintiff asserts that it "owns several active and valid copyright registrations . . . which registrations cover Plaintiff's Website and the photographs of Plaintiff's products that appear on Plaintiff's Website." (Complaint, ¶ 48.) The "active and valid" registrations that Plaintiff claims it owns are as follows: (1) No. TX0006948681; (2) No. TX0006989133; (3) No. TX0006976051; and (4) No. TX0007130548.

(Complaint ¶¶ 49-66.)  Plaintiff asserts that each of the four registrations "confers copyright protection on Plaintiff's Website and the text, photographs and artwork comprising Plaintiff's Website." (Complaint, ¶¶ 50, 54, 58, 62).  Plaintiff also alleges that each of the four registrations "confers copyright protections on Plaintiff's Website *as a compilation* as well as on the individual texts, photographs, and artworks comprising Plaintiff's Website." (Complaint ¶¶ 51, 55, 59, 63, emphasis added.)

Despite the allegations of what the registrations cover, Plaintiff did not attach the copyright registrations to its complaint.  Nor did Plaintiff state which "individual texts, photographs, and artworks" are covered by each registration.  Plaintiff simply asserts that each registration "confers copyright protection on Plaintiff's Website," covers unspecified texts, photographs and artwork, and also protects Plaintiff's Website "as a compilation."

The sole act of copyright infringement asserted against Defendants is that Defendants "copied several photographs from Plaintiff's Website, which photographs are covered by Plaintiff's copyright registrations – i.e. Registration Nos. TX0006948681, TX0006989133, TX0006976051, TX0007130548 (the 'Photographs')."  (Complaint, ¶ 78.)  Plaintiff does not attach or describe the "several photographs" that were allegedly copied.  Nor does Plaintiff explain which of the four registrations covers the allegedly copied photographs, or whether the "several photographs" in question are covered by more than one copyright registration.  Plaintiff does not provide the date of publication of the photographs, or the name of the author(s) of each photograph.

Plaintiff asks this court to award "$150,000 per infringement" without even stating how many alleged infringements there were, or which photographs were allegedly infringed.  Plaintiff does not even state which of the four copyright registrations protects the allegedly infringed

2

photographs. Plaintiff's complaint does not meet the pleading requirements of Fed. R. Civ. P. 8, and should therefore be dismissed.

## ARGUMENT

**A. The Applicable Standard for a Motion to Dismiss.**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal, not factual, sufficiency of a complaint. *See Szabo v. Bridgeport Machs., Inc.,* 249 F.3d 672, 675-676 (7th Cir. 2001). As such, to survive a 12(b)(6) motion to dismiss, the plaintiff's complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555-57 (2007)) (emphasis added). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S. Ct. at 1949.

The Federal Rules of Civil Procedure require more than blanket assertions to comply with the pleadings standard of Fed R. Civ. P. 8(a). Fed. R. Civ. P. 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (internal citations and footnote omitted). A complaint may be dismissed under Fed. R. Civ. P. 12(b)(6) if it does not comply with the requirements of Rule 8(a).: "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"), on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555-56 (citing

*Swierkiewicz* v. *Sorema N. A.*, 534 U.S. 506, 508, n. 1 (2002); *Neitzke* v. *Williams*, 490 U.S. 319, 327 (1989)).

In *Bell Atlantic*, the Supreme Court affirmed the district court's decision to dismiss an antitrust complaint that did not allege the facts needed to plausibly suggest the existence of a contract that violated § 1 of the Sherman Act. 550 U.S. at 570. The Court explained that more than blanket assertions are needed to comply with Fed. R. Civ. P. 8(a) and a factual "showing" is necessary not only to provide "fair notice of the nature of the claim, but also [the] grounds on which the claim rests." *Id.* at 556, n.3 (citations omitted). A proper complaint must allege enough facts to state of claim for relief that is plausible on its face to "nudge [the plaintiffs] claims across the line from conceivable to plausible." *Id.* at 570.

*Bell Atlantic* clarified the pleading standard originally considered the "no set of facts" standard found in a previous precedent, *Conley* v. *Gibson*, 355 U.S. 41 (1957). *See Bell Atl. Corp.*, 550 U.S. at 561. The *Bell Atlantic* Court warned against the literal application of the *Conley* standard and explained that *Conley* merely "described the breadth of opportunity to prove what an adequate complaint claims, not the minimum standard of adequate pleading to govern a complaint's survival." 550 U.S. at 563.

Plaintiff's Complaint consists of legal conclusions instead of factual allegations. Moreover, what factual allegations that do exist regarding the alleged copyright infringement are vague and ambiguous. The Complaint fails to meet the minimum pleading standard and should be dismissed.

**B. The Applicable Standard for Pleading Copyright Infringement.**

To state a claim for copyright infringement, Plaintiff must plead: (1) ownership of a valid copyright; and (2) the defendant's unauthorized copying of protected elements of the copyrighted

material. *Wildlife Express Corp. v. Carol Wright Sales, Inc.*, 18 F.3d 502, 507 (7th Cir. 1994) (internal citations omitted). Moreover, an applicant for copyright registration shall include information about the copyright claimant, the particular work, and the author of the work, specifically "the name and nationality or domicile of the author or authors." 17 U.S.C. § 409(2); *see also Muench Photography, Inc. v. Houghton Mifflin Harcourt Pub. Co.*, 712 F.Supp.2d 84, 89-90 (S.D.N.Y. 2010).

When the work is a compilation (Plaintiff asserts both individual claims and also compilation claims), the copyright extends only to the material contributed by the author of such work. *Muench Photography*, 712 F.Supp.2d at 90 (dismissing most of Plaintiff's copyright claims due to improper registration of the claimed constituent elements); *Bean v. Houghton Mifflin Harcourt Pub. Co.*, 2010 U.S. Dist. Lexis 83676 at *12 (D. Ariz. August 9, 2010) (granting Defendant's Rule 12(b)(6) motion to dismiss Plaintiff's copyright claims because Plaintiff's registrations covered compilations only, and not the individual photographs within the compilations).

Plaintiff in this case has alleged that it owns four copyrights; that each of the four copyrights protects both individual elements of Plaintiff's website and the website as a compilation; that Defendants "copied several photographs from Plaintiff's Website"; and that the allegedly copied photographs are protected by one or more (perhaps even all) of the four copyrights. It is impossible to tell from Plaintiff's pleading which photographs were allegedly infringed; which copyright applies to which of the "several photographs"; or whether Plaintiff claims the individual photographs are protected by copyright, or whether the compilation copyrights for the website as a whole are sufficient to grant it relief. Plaintiff's pleading is nothing more than "blanket assertions," "labels and conclusions, and a formulaic recitation of the

5

elements of a cause of action" that were condemned by the Supreme Court in *Bell Atlantic Corp. v. Twombly*. Plaintiff must do more than simply allege that it has several copyrights, and Defendants copied several photographs that are covered by one, two or all of the copyrights. Rather, Plaintiff must specify which copyright(s) pertain to which photographs, and must specify in its pleading which valid copyright applies to each allegedly copied photograph. Plaintiff's copyright infringement allegations do not meet this standard, and should be dismissed.

### C. In the Alternative, Defendants Move for a More Definite Statement.

If the Court denies Defendants' motion to dismiss, Defendants move in the alternative for a more definite statement pursuant to Fed. R. Civ. P. 12(e). Rule 12(e) allows a party to "move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." A motion for a more definite statement will be granted when "defendants cannot respond to plaintiff's allegations without undue burden and prejudice." *Taurus IP LLC v. Ford Motor Co., et. al.*, 539 F.Supp.2d 1122, 1127 (W.D. Wis. 2008) (granting defendant's motion for a more definite statement).

The plaintiffs in *Taurus IP LLC* alleged that defendants infringed a patent by offering "products and/or services including, without limitation, products that are available for configuration" at various websites. Plaintiff's complaint alleged that the infringing products were "available for configuration" at six websites, but did not limit the infringement allegations to those sites. 539 F.Supp.2d at 1126. The district court held that it was not enough to simply list some examples of allegedly infringing products and specify the allegedly infringed patent. Rather,

> [T]he plaintiff must tell the defendant which products allegedly infringe the plaintiff's patent. Failing to identify the infringing product in a patent case is akin

to failing to identify the retaliatory action in a civil rights case. . . . At the very least, a plaintiff's failure to specify which claims it believes are infringed by a defendant's product places an undue burden on the defendant, who must wade through all the claims in a patent and determine which claims might apply to its products to give a complete response.

*Taurus IP LLC*, 539 F.Supp.2d at 1127.

The *Taurus IP* court denied defendants' motion to dismiss, but granted defendants' motion for a more definite statement, ordering plaintiff to (1) assert all patent claims plaintiff believed were being infringed and (2) describe all products plaintiff believed to be infringing, or provide enough information to allow defendants to identify the products plaintiff believed were infringing. 539 F.Supp.2d at 1127-28.

The Complaint offered by Plaintiff in this case offers even less information than that found in the *Taurus IP* case. Plaintiff in this case has alleged that it owns four copyrights; that each of the four copyrights protects both individual elements of Plaintiff's website and the website as a compilation; that Defendants "copied several photographs from Plaintiff's Website"; and that the allegedly copied photographs are protected by one or more (perhaps even all) of the four copyrights. It is impossible to tell from Plaintiff's pleading which photographs were allegedly infringed; which copyright applies to which of the "several photographs"; or whether Plaintiff claims the individual photographs are protected by copyright, or whether the compilation copyrights for the website as a whole are sufficient to grant it relief. Plaintiff asks this Court and Defendants to wade through all of Plaintiff's allegedly copyrighted material, search four separate compilation copyrights, and determine whether "several photographs" – which are not identified – are protected by any of the copyrights either individually or as a compilation. Defendants cannot respond to these allegations without undue burden and prejudice.

Accordingly, Defendants ask the Court to order Plaintiff to provide a complaint with more detail, including the following:

1. Plaintiff must attach or identify the "several photographs" that it alleges were copied;

2. Plaintiff must specify which copyright(s) pertain to which photographs, and must specify in its pleading which valid copyright applies to each allegedly copied photograph;

3. Plaintiff must specify whether it owns the copyright for each individual photograph that was allegedly infringed, or whether it relies on the registrations for the website compilation as a whole for its infringement claims; and

4. Plaintiff must specify the approximate date the photographs were allegedly copied.

## CONCLUSION

For the foregoing reasons, Defendants Paper Maniac LLC and Patricia Olson request that this Court dismiss Plaintiff's copyright infringement claims pursuant to Fed. R. Civ. P. 12(b)(6). In the alternative, if the Court denies the motion to dismiss, Defendants request that the Court grant Defendants' motion for a more definite statement, pursuant to Fed. R. Civ. P. 12(e).

Dated: December 6, 2010

**LEFFERT JAY & POLGLAZE, PA**

_/s/ Daniel J. Polglaze_
Daniel J. Polglaze, WI Bar # 1021357
Terrance C. Newby, MN Bar # 0254587
150 South Fifth Street
Suite 1900
Minneapolis, Minnesota 55402
Tel: 612-312-2200
Fax: 612-312-2250

**ATTORNEYS FOR DEFENDANTS PAPER MANIAC, LLC AND PATRICIA OLSON**